NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3033
_____

ARNOLD Y. STEINBERG,
                                        Appellant

v.

THE SUPREME COURT OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civil Action No. 09-cv-00086)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2011

Before:  FUENTES, GARTH, and GREENBERG, *Circuit Judges*

(Filed:  March 25, 2011)

_____

OPINION
_____

GARTH, *Circuit Judge*

    This appeal brings before us an attorney's challenge to his disbarment.  Arnold Y.

Steinberg filed suit against the Supreme Court of Pennsylvania and all of its members, in

their individual and official capacities,[1] in the District Court for the Western District of Pennsylvania. Steinberg challenged the constitutionality of the disciplinary rule that prevented him from rescinding his letter of resignation from the Pennsylvania bar, which he submitted in lieu of contesting the pending disciplinary charges against him. In addition to asserting that the Disciplinary Rule 215(b) violated Equal Protection and Due Process rights, Steinberg alleged that his letter of resignation was a contract that was obtained by fraud or duress, since he had submitted it while recovering from heart surgery, and without consideration. In a fifty-one-page opinion dated June 10, 2009, Judge Fischer dismissed Steinberg's complaint on jurisdictional grounds, holding that any retrospective relief was barred by the Rooker-Feldman doctrine, and that prospective injunctive relief was precluded by Steinberg's failure to satisfy Article III standing, or alternatively, by the Federal Courts Improvement Act of 1996.[2] Steinberg's motion for reconsideration was denied on June 30, 2009.[3]

---

[1] We address all of the defendants as "the Pennsylvania Supreme Court."

[2] The Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996), amended 42 U.S.C. § 1983 by prohibiting injunctive relief in an action brought against a judicial officer "unless a declaratory decree was violated or declaratory relief was unavailable."

[3] After Steinberg appealed the dismissal of his complaint, the Supreme Court of Pennsylvania requested permission from our Court not to file a response brief, citing the expense involved and the District Court's thorough disposition of the issues presented. A two-member panel of this Court granted the motion on January 25, 2010. Thereafter, on June 24, 2010, Steinberg moved for summary action and reversal of the District Court's order, contending that the Pennsylvania Supreme Court, by seeking permission not to file a response brief, had waived its defense to any argument not addressed by the District Court. We disagree, and deny Steinberg's motion for summary action.

2

The parties to this appeal are familiar with the facts and proceedings, and so we need not recite the details any further. It is sufficient to say that all of the issues have been discussed at length and fully disposed of by Judge Fischer in her comprehensive opinion of June 10, 2009, and related orders. We approve of all orders entered by Judge Fischer. Accordingly, we will affirm the District Court's judgment of dismissal dated June 10, 2009, and the order denying reconsideration dated June 30, 2009. We will also deny Steinberg's motion for summary action.